UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE WALKER,<br><br>                Plaintiff,<br><br>        v.<br><br>HOWARD,<br><br>                Defendant. | Case No. 1:20-cv-01575-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF NOS. 1 & 9)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

## I.    BACKGROUND

Marquise Walker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on November 3, 2020. (ECF No. 1). On November 20, 2020, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 9). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wants to stand on his complaint. (Id. at 7). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (Id. at 8).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or

otherwise responded to the Court's order.  Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed for failure to state a claim.  The Court will also recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

### III.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint:

On May 7, 2019, Plaintiff wrote a CDCR-22 request form to defendant Muslim Chaplain Howard, asking to be placed on the list for "FRIDAY JUMMA PRAYER SERVICES AND RAMADAN," but was denied the right to practice his religion. Plaintiff requested to be placed on the list for religious services and Ramadan well ahead of the time limit required by defendant Howard, yet was denied the right to participate in the prescribed ritual of his Islamic religion by defendant Howard.

### IV.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

### B. First Amendment Right to Free Exercise of Religion

"The First Amendment, applicable to state action by incorporation through the Fourteenth Amendment, prohibits government from making a law prohibiting the free exercise [of religion]. The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (alteration in original) (citations and internal quotation marks omitted). "'To ensure that courts afford appropriate deference to prison officials,' the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be 'judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.'" Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987)). "The challenged conduct 'is valid if it is reasonably related to legitimate penological interests.'" Id. (quoting O'Lone, 482 U.S. at 349).

"To merit protection under the free exercise clause of the First Amendment, a religious claim must satisfy two criteria.  First, the claimant's proffered belief must be sincerely held; the First Amendment does not extend to so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity.  Second, the claim must be rooted in religious belief, not in purely secular philosophical concerns." Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (alteration in original) (citations and internal quotation marks omitted), supplemented, 65 F.3d 148 (9th Cir. 1995); see also Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (noting the Supreme Court's disapproval of the "centrality" test and finding that the "sincerity" test in Malik determines whether the Free Exercise Clause applies).

Additionally, "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." Jones, 791 F.3d at 1031.  "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Id. at 1031-32 (alterations in original) (citation and internal quotation marks omitted)

Courts in the Ninth Circuit have routinely held that the denial of a religious practice on a single isolated occasion does not constitute a "substantial burden" and thus does not violate the First Amendment.  See, e.g., Howard v. Skolnik, 372 F. App'x 781, 782 (9th Cir. 2010) (summary judgment on free exercise claim was appropriate where the plaintiff's allegation of two incidents where prison staff interfered with his fasting did not amount to a substantial burden); Canell v. Lightner, 143 F.3d 1210, 1215 (9th Cir. 1998) ("relatively short-term and sporadic" interference with religious exercise was not a substantial burden); Pouncil v. Sherman, 2018 WL 646105, at *3, 2018 U.S. Dist. LEXIS 15961, at *5-6 (E.D. Cal. Jan 31, 2018) (free exercise claim dismissed at screening because allegation of denial of meals for a single night of Ramadan did not present a substantial burden); Murie v. Crossroads Corr. Ctr., 2017 WL 2265145, at *3, 2017 U.S. Dist. LEXIS 85863, at *4-6 (D. Mont. Feb. 24, 2017) (free exercise claim dismissed at screening because allegation that the plaintiff was not allowed to

attend a sweat lodge on a single occasion did not present a substantial burden); <u>Stidhem v. Schwartz</u>, 2017 WL 6887139, at *4, 2017 U.S. Dist. LEXIS 215007, at *9-10 (D. Or. Oct. 23, 2017) (summary judgment granted on the plaintiff's free exercise claim because a less-than-one-day suspension of the plaintiff's kosher diet did not amount to a substantial burden).

Plaintiff does not appear to be challenging a rule or regulation. Instead, he appears to allege that he followed the required procedures, but was not allowed "to participate in the prescribed ritual of his Islamic religion." (ECF No. 1, p. 3). However, Plaintiff has made only conclusory allegations that he complied with the rules and regulations. Based on the exhibits attached to Plaintiff's complaint, it appears that Plaintiff filed his request to participate in Ramadan on May 7, 2019 (<u>id.</u> at 8), and his request was denied by defendant Howard on May 10, 2019, because the Ramadan list was closed (<u>id.</u> at 10). However, except for Plaintiff's conclusory allegation that he filed his request "well ahead of the time limit required by Chaplain Howard" (<u>id.</u> at 3), there is nothing indicating that Plaintiff's request was in fact filed well ahead of the time limit (Plaintiff never alleges when requests to participate were due). Plaintiff also makes no mention of whether he asked for an exception based on exceptional circumstances, which, according to the denial by defendant Howard, was allowed (<u>id.</u> at 10). Thus, Plaintiff has not sufficiently alleged that he complied with the required procedures.

Moreover, Plaintiff provides little, if any, factual allegations regarding exactly what he was prevented from doing, how long he was prevented from doing it, and how not being allowed to participate in the rituals burdened the practice of his religion. The Court notes that defendant Howard's denial stated that "[t]hose not admitted to the program now due to list closure, late request, or other reason(s) and are fasting on their own will have a Ramadan prayer schedule sent to them upon request." (<u>Id.</u>).

Thus, Plaintiff has failed to state a claim upon which relief may be granted. The Court previously provided Plaintiff with relevant legal standards and leave to amend his complaint to cure these deficiencies. (ECF No. 9). However, the deadline for Plaintiff to amend his complaint has passed and Plaintiff has not filed an amended complaint. Accordingly, the Court will recommend that this action be dismissed for failure to state a claim.

## V. FAILURE TO PROSECUTE AND COMPLY

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

## VI. RECOMMENDATIONS AND ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **January 11, 2021**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE