UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOWARD,<br><br>　　　　　Defendant. | No. 1:20-cv-01575-DAD-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION, VACATING ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND JUDGMENT ENTERED ON FEBRUARY 23, 2021, AND DIRECTING CLERK OF THE COURT TO REOPEN CASE<br><br>(Doc. No. 19) |

　　　　Marquise Walker ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　On November 20, 2020, the assigned magistrate judge screened plaintiff's complaint and ordered plaintiff to either file a first amended complaint or notify the court that he wished to stand on his original complaint within thirty (30) days. (Doc. No. 9.) Plaintiff did not file an amended complaint or otherwise respond to the screening order. Accordingly, on January 11, 2021, the magistrate judge issued findings and recommendations recommending that the action be dismissed, in part, due to plaintiff's failure to prosecute and failure to comply with a court order. (Doc. No. 12.) Plaintiff was provided fourteen (14) days to file objections to the findings and recommendations but failed to do so.

1

On February 23, 2021, the undersigned adopted the findings and recommendations in part, and the action was dismissed due to plaintiff's failure to prosecute and failure to comply with a court order. (Doc. No. 13.) On April 9, 2021, plaintiff filed a motion for reconsideration. (Doc. No. 19.) On April 16, 2021, plaintiff lodged a first amended complaint. (Doc. No. 20.)

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 60(b)(6), a plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." (*Id.*) (citation and internal quotation marks omitted).

In his present motion, plaintiff claims that he did not receive the court's screening order. (Doc. No. 19 at 2 ("Plaintiff never received the court[']s order stating he failed to state a claim and failure to amend within 30 days will result in dismissal for failure to prosecute.").) He

2

explains that he was transferred from High Desert State Prison ("HDSP") to Kern Valley State Prison ("KVSP") on January 26, 2021, but HDSP did not deliver his legal mail to him before that transfer date.  (*Id.*; *see* Ex. A, Doc. No. 19 at 5 (stating plaintiff "was initially placed into [administrative segregation unit] on 01/26/2021 at KVSP from HDSP").)  Plaintiff requests permission to either file objections to the findings and recommendations or file an amended complaint.  (*Id.* at 3.)

      While plaintiff claims he did not receive a copy of the court's screening order, he does not represent whether he received the January 11, 2021 findings and recommendations or the undersigned's February 23, 2021 order adopting the findings and recommendations.  However, the findings and recommendations were issued and mailed to plaintiff at HDSP on January 11, 2021, before plaintiff's transfer to KVSP on January 26, 2021, making it plausible that he did not in fact receive the findings and recommendations given his claim that HDSP did not deliver his legal mail to him.  Based on plaintiff's representation that he did not receive the court's order and out of an abundance of caution and in the interest of justice, the court will vacate the judgment and grant plaintiff an opportunity to respond to the screening order, which he has seemingly done by lodging a first amended complaint.  (*See* Doc. No. 20.)

      Accordingly,

      1. Plaintiff's motion for reconsideration (Doc. No. 19) is granted;

      2. The court's order adopting the findings and recommendations and dismissing the action, issued on February 23, 2021, (Doc. No. 13), is vacated;

      3. The Clerk of the Court is directed to reopen this case; and

      4. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **August 27, 2021**            *Dale A. Drozd*
                                                   UNITED STATES DISTRICT JUDGE