1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE WALKER,<br><br>          Plaintiff,<br><br>     v.<br><br>HOWARD, et al.,<br><br>          Defendants. | Case No. 1:20-cv-01575-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 13 & 22)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

10

11

12

13

14

15

16

17     Marquise Walker ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18 *pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

19     Given Plaintiff's failures to comply with court orders and to prosecute this case, the

20 Court will recommend that this case be dismissed, without prejudice, for failure to comply with

21 court orders and failure to prosecute this case.

22     Plaintiff filed the complaint commencing this action on November 3, 2020.  (ECF No.

23 1).  On November 20, 2020, the Court issued a screening order.  (ECF No. 9).  The Court found

24 that Plaintiff failed to state any cognizable claims and gave Plaintiff thirty days to either "a.

25 File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his

26 complaint."  (Id. at 6-7).  Plaintiff failed to respond to the screening order, so on January 11,

27 2021, the Court issued findings and recommendations, recommending that "[t]his action be

28 dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply

1    with a court order."

2           Plaintiff failed to respond to the findings and recommendations, and on February 23,

3    2021, this case was "dismissed, with prejudice, for failure to prosecute and failure to comply

4    with a court order."  (ECF No. 13, p. 2).

5           On April 9, 2021, Plaintiff filed a motion for reconsideration.  (ECF No. 19).  On April

6    16, 2021, Plaintiff lodged a First Amended Complaint.  (ECF No. 20).  "Based on plaintiff's

7    representation that he did not receive the court's order and out of an abundance of caution and

8    in the interest of justice," the Court reopened the case and granted Plaintiff an opportunity to

9    respond to the screening order.  (ECF No. 21, p. 3).

10          As the case was reopened, the Court screened Plaintiff's First Amended Complaint,

11   found that Plaintiff's First Amendment free exercise claim against defendant Howard should

12   proceed past screening, and gave Plaintiff thirty days to either: "a. File a Second Amended

13   Complaint; b. Notify the Court in writing that he does not want to file an amended complaint

14   and instead wants to proceed only on his First Amendment free exercise claim against

15   defendant Howard; or c. Notify the Court in writing that he wants to stand on his complaint."

16   (ECF No. 22, pgs. 8-9).  The Court warned Plaintiff that "[f]ailure to comply with this order

17   may result in the dismissal of this action."  (Id. at 10).

18          The thirty-day deadline has passed, and Plaintiff failed to respond to the Court's

19   screening order.

20          Accordingly, the Court will recommend that this case be dismissed, without prejudice,

21   for failure to comply with court orders and to prosecute this case.

22          "In determining whether to dismiss a[n] [action] for failure to prosecute or failure to

23   comply with a court order, the Court must weigh the following factors: (1) the public's interest

24   in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

25   prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

26   public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d

27   639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

28          "'The public's interest in expeditious resolution of litigation always favors dismissal.'"

1   Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly,

2   this factor weighs in favor of dismissal.

3        As to the Court's need to manage its docket, "[t]he trial judge is in the best position to

4   determine whether the delay in a particular case interferes with docket management and the

5   public interest….  It is incumbent upon the Court to manage its docket without being subject to

6   routine noncompliance of litigants...." Id.  Plaintiff failed to respond to both of the Court's

7   screening orders.  These failures have, and continue to, delay this case and interfere with docket

8   management.  Therefore, the second factor weighs in favor of dismissal.

9        Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

10  and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay

11  inherently increases the risk that witnesses' memories will fade and evidence will become

12  stale," id. at 643, and it is Plaintiff's failure to comply with court orders and to prosecute this

13  case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

14       As for the availability of lesser sanctions, given that Plaintiff has chosen not to

15  prosecute this action and has failed to comply with the Court's orders, despite having his case

16  dismissed once already and being warned that it may be dismissed again, there is little available

17  to the Court which would constitute a satisfactory lesser sanction while protecting the Court

18  from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's

19  incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use.

20  And given the stage of these proceedings, the preclusion of evidence or witnesses is not

21  available.

22       Finally, because public policy favors disposition on the merits, this factor weighs

23  against dismissal.  Id.

24       After weighing the factors, the Court finds that dismissal without prejudice is

25  appropriate.  Accordingly, the Court HEREBY RECOMMENDS that:

26       1.  This case be dismissed, without prejudice, because of Plaintiff's failure to

27           comply with court orders and to prosecute this case; and

28       2.  The Clerk of Court be directed to close this case.

1    These findings and recommendations will be submitted to the United States district

2  judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

3  fourteen (14) days after being served with these findings and recommendations, Plaintiff may

4  file written objections with the Court.  The document should be captioned "Objections to

5  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

6  objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v.

7  Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394

8  (9th Cir. 1991)).

9

IT IS SO ORDERED.

10

11   Dated:    **October 27, 2021**          /s/ Erica P. Grosjean
                                        _____
12                                       UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28